IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS BRYANT, JR., <br> TDC # 566118, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD MORRIS, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-12-0266 |

**MEMORANDUM AND ORDER**

Plaintiff Curtis Bryant, Jr., an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDC), has filed a civil rights complaint against TDC officials at the Ellis Unit where he is incarcerated. He has also filed a motion for leave to proceed *in forma pauperis*. Bryant has previously filed two other complaints containing the same allegations. After reviewing all of the pleadings, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.   BACKGROUND**

Bryant claims that his right to privacy was violated when he was subjected to a visual body cavity search in the presence of male and female correctional officers and other inmates of the Ellis Unit B-2 Wing. He alleges that, on November 2, 2011, Ellis Unit officials ordered the inmates of the B-Wing to pack up their personal belongings and take them out to the hall of the unit for routine inspection to detect contraband. The search was conducted

by defendant TDC officers Jaclyn Hein, Curtis Bridges, Jr., and Jason L. Hatthorn. During the search, Bryant was ordered to open his mouth and lift his genitals. He was then ordered to turn around and lift his feet and then bend over and spread his buttocks. Bryant complains that there was no probable cause for the search in the presence of female guards and that the defendants failed to acknowledge his right to privacy. He complains that being strip searched in the presence of the female guards was degrading and unnecessary.

Bryant contends that Hein, Bridges, and Hatthorn are liable for failing to acknowledge his right to privacy under the Fourth Amendment of the Constitution. He asserts that the practice of conducting strip searches in public is degrading and that less intrusive measures could have been used to satisfy the prison unit's security needs. He also contends that Warden Richard A. Morris and Assistant Wardens Richad A. Gunnels and John P. Werner are liable because they are responsible for the entire unit and they failed to properly train their subordinates. He seeks monetary damages, a declaratory judgment, and an injunction.

Bryant presented an identical claim making almost the same allegations against officials at the TDC Luther Unit. *See Bryant v. Strong*, No. H-11-1586 (S.D. Tex. *filed* Apr. 25, 2011). The defendants in that proceeding have filed a Rule 12(c) Motion to Dismiss arguing that prisoners have a limited right to privacy that female correctional officers may be present during strip searches of male prisoners. Id.

Bryant filed another complaint challenging the presence of female correctional officers at strip searches. This action was dismissed as frivolous after the Court conducted

-2-

a *Spears*[1] hearing. *See Bryant v. Kukua*, No. H-11-1803 (S.D. Jan. 10, 2012). During the *Spears* hearing, Bryant testified that 45 to 50 inmates were being searched by two male guards during the incident in question and that 6 or 7 female guards were also present during the search, although a male guard actually searched him. The court dismissed the case upon finding that Bryant had failed to assert a claim upon which relief may be granted.

## II.    DISCUSSION

This civil action is subject to preliminary review under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding *in forma pauperis*. Under this statute, a district court "shall dismiss" any *in forma pauperis* action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. In conducting this analysis, the Court applies "less stringent standards" to pleadings submitted by *pro se* litigants than to those drafted and submitted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596 (1972).

The current complaint is Bryant's third filing with regard to strip searches in less than a year. Maintenance of the instant action would be redundant and an impermissible waste of judicial resources. *See Mayfield v. Collins*, 918 F.2d 560, 561-62 (5th Cir. 1990). An *in forma pauperis* prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by the same

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

prisoner in federal court. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993). This prisoner action shall be dismissed as malicious under 28 U.S.C. § 1915(e). *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (*ifp* complaints may be dismissed under § 1915 if they attempt to relitigate claims which have already been submitted by the plaintiff and rejected by the courts), *citing Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988).

### III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The complaint is **DISMISSED** with prejudice as malicious.

2. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas  78711, Fax Number (512) 936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas  75702.

SIGNED at Houston, Texas, on April 3, 2012.

Nancy F. Atlas
United States District Judge

IN THE UNITED STATES DISTRICT COURT